IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| GERALD MINER, | ) |
| | ) |
|       Petitioner, | ) |
| | ) |
| vs. | )   CIVIL NO. 09-cv-254-MJR |
| | ) |
| LISA J. HOLLINGSWORTH, | ) |
| | ) |
|       Respondent. | ) |

**MEMORANDUM AND ORDER**

**REAGAN, District Judge:**

Petitioner, an inmate in the United States Penitentiary located in Marion, Illinois (USP-Marion), brings this habeas corpus action pursuant to 28 U.S.C. § 2241 to challenge one of his convictions and some of the sentences imposed on him in the United States District Court for the Eastern District of Missouri.

Rule 4 of the Rules Governing § 2254 Cases in United States District Courts provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases. After carefully reviewing the petition and exhibits in the present case, the Court concludes that Petitioner is not entitled to relief, and the petition must be dismissed.

**BACKGROUND**

Petitioner was charged by indictment as follows:

**Count 1**:   Felon in Possession of a Firearm, in violation of 18 U.S.C. § 922(g);

**Count 2:**   Possession with Intent to Distribute Cocaine, in violation of 21 U.S.C. § 841(a)(1);

**Count 3:**   Use of a Firearm during a Drug Trafficking Offense, in violation of 18 U.S.C. § 924(c)(1);

**Count 4:**   Felon in Possession of a Firearm, in violation of 18 U.S.C. § 922(g);

**Count 5**   Felon in Possession of Ammunition, in violation of 18 U.S.C. § 922(g);

**Count 6:**   Felon in Possession of a Firearm, in violation of 18 U.S.C. § 922(g);

**Count 7**:   Possession with Intent to Distribute Cocaine, in violation of 21 U.S.C. § 841(a)(1); and

**Count 8:**   Use of a Firearm during a Drug Trafficking Offense, in violation of 18 U.S.C. § 924(c)(1).

*See, United States v. Miner,* 345 F.3d 1004, 1005 (8th Cir. 2003).

In October 1995, a jury found Petitioner guilty of all eight counts. *See*, Petition at pg. 3; Petitioner's Memorandum of Law at pg. 3. In December 1995, however, the United States Supreme Court decided *Bailey v. United States*, 516 U.S. 137 (1995), holding that a conviction under 18 U.S.C. § 924(c) - which criminalizes "use" of a firearm in during and in relation to a drug trafficking offense - requires evidence sufficient to show active employment of the firearm by the defendant. Prior to his sentencing, therefore, Petitioner argued that his convictions for Count 3 and Count 8 should be dismissed. *See* Petitioner's Memorandum of Law at pg. 10; *United States v. Miner*, 345 F.3d at 1005. Although the Government agreed that the conviction

for Count 3 should be dismissed because it could not survive after *Bailey,* it still argued that the conviction for Count 8 should be upheld.  *Id.*  The trial court agreed with the Government and, accordingly, only Count 3 was dismissed.  *Id.*

On January 18, 1996, the trial court sentenced Petitioner to 420 months imprisonment, followed by six years supervised release.  *See*, Petitioner's Memorandum of Law.  Petitioner appealed his convictions, and the Eighth Circuit affirmed them.  *United States v. Miner*, 108 F.3d 967 (8th Cir. 1997).  With respect to this appeal, though, Petitioner contends that his counsel "did not alert the Eighth Circuit that the *Bailey* claim was preserved for review on appeal . . . [c]ounsel raised only the 'sufficiency of evidence' under *Bailey*."  *See,* Petitioner's Memorandum of Law at pg. 10.

Petitioner filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 with the trial court.  *United States v. Miner*, 345 F.3d at 1006.  The trial court dismissed all of the claims asserted in the § 2255 motion, except one.  *Id.*  Specifically, the trial court granted Petitioner's claim that his sentences on Count 2 and Count 7 had been improperly enhanced.  *Id*.  Accordingly, on October 9, 2002, the trial court re-sentenced Petitioner as follows:

> The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of 240 months this term consists of 240 months on count two and a term of 120 months on count seven, to be served concurrently with each other, and concurrently tot he [sic] terms previously imposed on counts one, four, five, and six, noting that count eight is to be served consecutively to the aforementioned sentences.

*Miner v. United States*, No. 4:04cv861-JCH (E.D. Mo. ).

At this point, this Court notes that this statement of Petitioner's sentence by the trial court is clearly problematic.  If Petitioner's sentence on Count 2 is 240 months and his sentence on

Count 8 is consecutive to the sentence on Count 2 (and consecutive with each of the other sentences), then the trial court's statement that the total term of imprisonment is "240 months" is clearly in error. As such, Petitioner's total term of imprisonment is more than "240 months," but one cannot glean how much more than "240" months from the above statement.[1]

Petitioner appealed his new sentences. On October 9, 2003, the Eighth Circuit Court of Appeals, affirmed the trial court. *United States v. Miner*, 345 F.3d 1004, 1006 (8th Cir. 2003). Petitioner sought, but was denied, a writ of *certiorari* to the Supreme Court of the United States. *United States v. Miner*, No. 4:95cr137-JCH (E.D. Mo. March 31, 2004) (Doc. #235).

On July 12, 2004, Petitioner again filed a motion to vacate, set aside or correct his new sentences pursuant to 28 U.S.C. § 2255.[2] *See Miner v. United States*, No. 4:04cv861-JCH (E.D. Mo.); Petitioner's Memorandum of Law, pg. 3.

On December 6, 2005, while Petitioner's second § 2255 was still pending before it, the trial court *sua sponte* amended its October 2002 Judgment. *Miner v. United States,* No. 4:95cr137-JCH (E.D. Mo.) (Doc. #236). The effect of this amendment is to correct the trial court's prior mathematical error in calculating Petitioner's total term of imprisonment. The 2005 amended Judgment reads:

> The defendant is hereby committed to the custody of the United

---

[1] In the original Judgment entered January 18, 1996, however, the trial court specified that the sentence for Count 8 was 60 months to run consecutive to the sentences on Counts 1, 2, 4, 5, 6, and 7. *See United States v. Miner*, No. 4:94cr137-JCH (E.D. Mo. Jan. 18, 1996) (Doc. #79).

[2] Although, this was Petitioner's second § 2255 motion, the trial court considered some components of this § 2255 motion as not requiring certification by the appellate court pursuant to 28 U.S.C. §§ 2244(b)(3)(A) and 2255(h) because the components were not "second or successive" with respect to Petitioner's new sentence. *Miner v. United States*, No. 4:04cv861-JCH (E.D. Mo.) (Memorandum and Order, filed Jan. 16, 2007).

> States Bureau of Prisons to be imprisoned for a total term of 300
> months this term consists of 240 months on count two and a term
> of 120 months on count seven, to be served concurrently to each
> other, and concurrently to the terms previously imposed on counts
> one, four, five, and six, noting that count eight, a term of 60
> months, is to be served consecutively to the aforementioned
> sentences.

*United States v. Miner,* No. 4:95cr137-JCH (E.D. Mo., Dec. 6, 2005) (Doc. #236).  Petitioner appealed his 300-month sentence to the Eighth Circuit Court of Appeals, but the trial court was summarily affirmed.  *United States v. Miner,* Case No. 4:95cr137-JCH (E.D. Mo.) (Doc. #263) (judgment in *United States v. Miner*, No. 05-4400 (8th Cir. May 1, 2006)).

On May 2, 2007, the trial court dismissed Petitioner's second § 2255 motion.  *Miner v. United States,* No. 4:04cv861-JCH (E.D. Mo. May 2, 2007) (Doc. #37); Petitioner's Memorandum of Law pgs. 5-6.  Petitioner was denied a certificate of appealability both by the trial court, *id.* (Docket text Order entered June 27, 2007), and by the court of appeals.  *Id.* (Doc. #54).

## THE PETITION

In the instant petition, Petitioner claims: (1) that the trial court improperly enhanced his sentence under Count 2 based on Sentencing Guideline § 2K2.1; (2) that the execution of his sentence is illegal because of the illegal enhancement raised in claim (1); (3) that he is "actually innocent" of the Sentencing Guideline enhancement under § 2K2.1; and (4) that he is "actually innocent" of Count 8.  Although not contained in his habeas petition, Petitioner asserts several more grounds for relief in an attached memorandum of law: (5) that the trial court improperly calculated his criminal history under the Sentencing Guidelines; (6) that the trial court lacked authority to amend his judgment *sua sponte* in December 2005; and (7) that the probation officer

5

calculated his punishment wrong.

**DISCUSSION**

Petitioner's assertion in claims 1, 2, 3, 5, 6 and 7 that the trial court improperly amended, enhanced and/or calculated his sentences attacks the *imposition* of his sentences, not the execution of those sentences.[3] Usually, only challenges to the *execution* of a sentence are properly brought under § 2241. *See Valona v. United States,* 138 F.3d 693, 694 (7th Cir. 1998); *Atehortua v. Kindt,* 951 F.2d 126, 129 (7th Cir. 1991). However, § 2255 contains a "savings clause" which permits a prisoner to bring an action under § 2241 if the remedy provided by 28 U.S.C. § 2255 is inadequate or ineffective to test the legality of his detention. *See* 28 U.S.C. § 2255.

The remedy provided by § 2255 is "inadequate or ineffective" only when the Supreme Court interprets a statute in a way that the prisoner is actually innocent of the crime for which he was convicted because he was convicted of a "nonexistent offense." *United States v. Prevatte*, 300 F.3d 792, 799 (7th Cir. 2002); *In re Davenport*, 147 F.3d 605, 611 (7th Cir. 1998). Petitioner cannot satisfy the "savings clause" with respect to claims 1, 2, 3, 5, 6 or 7 because these claims challenge his sentence, not his conviction. *See e.g., Dellinger v. Bowen*, 301 F3d 758, 767 (7th Cir. 2002); *Gravitt v. Veatch*, No. 06-3753, 2007 WL 1175735 (7th Cir. April 18, 2007). Therefore, claims 1, 2, 3, 5, 6, and 7 must be summarily dismissed.

Petitioner's claim 4 does attack the validity of Petitioner's conviction on Count 8, not just his sentence. But, Petitioner's remedy under § 2255 was neither inadequate nor ineffective with

---

[3]Although Petitioner asserts that several of these concern the execution of his sentence, they are - in fact - challenges to the sentence as imposed by the trial court.

regard to Petitioner's claim that his conviction on Count 8 is improper under *Bailey*. As noted above, while Petitioner was convicted before the Supreme Court decided *Bailey*, he was sentenced *after* the Supreme Court rendered its decision in *Bailey*. Petitioner argued *Bailey* prior to sentencing and, as a result, it appears that Count 3 was dismissed. Moreover, *Bailey* was available for Petitioner to argue both on direct appeal and in his § 2255 action. That Petitioner believes his counsel failed to argue *Bailey* in a way that was effective does not make his § 2255 remedy either inadequate or ineffective. *See e.g. Montenegro v. U.S.*, 248 F.3d 585 (7th Cir. 2001) (failure to comply with the requirements of the § 2255 statute of limitations does not make the § 2255 remedy inadequate or ineffective), *overruled on other grounds*, *Ashley v. United States*, 266 F.3d 671 (7th Cir. 2001);[4] *see also Pack v. Yusuff*, 218 F.3d 448, 452 (5th Cir. 2000) (claim of procedural bar will not suffice to demonstrate that § 2255 relief is inadequate or ineffective); *United States v. Barrett*, 178 F.3d 34, 49- 50 (1st Cir. 1999), *cert. denied*, 528 U.S. 1176 (2000); *Triestman v. United States*, 124 F.3d 361, 376 (2d Cir. 1997) (noting that § 2255's substantive and procedural barriers by themselves do not establish that § 2255 is inadequate or ineffective); *In re Dorsainvil*, 119 F.3d 245, 251 (3d Cir. 1997). Instead, Petitioner must demonstrate the inability of a § 2255 motion to cure the defect in the conviction. Petitioner cannot do this and, therefore, claim 4 must be summarily dismissed.

## DISPOSTION

In summary, § 2241 is not available to Petitioner and cannot provide Petitioner with the desired relief. Accordingly, this action is summarily **DISMISSED** with prejudice. All pending

---

[4] *Ashley* overruled only Part III of *Montenegro*. *Ashley* held that a decision that a right initially recognized by Supreme Court is retroactively applicable to cases on collateral review, as will begin one-year limitations period under Antiterrorism and Effective Death Penalty Act (AEDPA), can be made by a Court of Appeals or a district court, as well as by Supreme Court. *Ashley*, 266 F.3d at 674.

motions are **DENIED** as moot.

      **IT IS SO ORDERED.**

      **DATED this 28th day of September, 2009.**

                                           <u>**s/ Michael J. Reagan**</u>
                                           **MICHAEL J. REAGAN**
                                           **United States District Judge**