IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| GERALD MINER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | CIVIL NO. 09-cv-254-MJR |
| | ) | |
| LISA J. HOLLINGSWORTH, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM AND ORDER**

**REAGAN, District Judge:**

This matter is before the Court on Petitioner's motion to correct record pursuant to Federal Rule of Appellate Procedure 10(e) (Doc. 18); his motion to reopen the instant action pursuant to Rule 60(b)(6) (Doc. 19); and his motion to expedite proceedings on his motion to reopen (Doc. 20).

**BACKGROUND**

Petitioner, an inmate in the United States Penitentiary located in Marion, Illinois (USP-Marion), brought this habeas corpus action pursuant to 28 U.S.C. § 2241 to challenge one of his convictions and some of the sentences imposed on him in the United States District Court for the Eastern District of Missouri.

After carefully reviewing the § 2241 petition and exhibits in the present case, the Court concluded that Petitioner was not entitled to § 2241 relief because he had not demonstrated that

relief pursuant to 28 U.S.C. § 2255 was inadequate or ineffective, and the petition was summarily dismissed.

Petitioner appealed the summary dismissal of his § 2241 habeas petition to the Seventh Circuit Court of Appeals. The Seventh Circuit affirmed the dismissal of Petitioner's § 2241 habeas petition by this Court finding that Petitioner's "argument does not fall within the narrow exception that would allow him to challenge his conviction under § 2241." *Miner v. Hollingsworth*, No. 09- 3476 (7th Cir. Feb. 23, 2010).

**PENDING MOTIONS**

    **A. Motion to correct record pursuant to Rule 10(e) of the Federal Rules of Appellate Procedure.**

In his motion to correct record pursuant to Rule 10(e) of the Federal Rules of Appellate Procedure (Doc. 18), Petitioner claims that, in their Order, the Seventh Circuit Court of Appeals misstated the procedural background of Petitioner's § 2255 proceedings before the trial court and the Eighth Circuit Court of Appeals.

Petitioner's motion for correct record pursuant to Rule 10(e) of the Federal Ruls of Appellate Procedure (Doc. 18) should be dismissed. Rule 10(a) of the Federal Rules of Appellate Procedure states that the record on appeal is comprised of:

> (1) the original papers and exhibits filed in the district court;
> (2) the transcript of proceedings, if any; and
> (3) a certified copy of the docket entries prepared by the district clerk.

Rule 10(e) of the Federal Rules of Appellate Procedure states that "[i]f any difference arises about whether the record truly discloses what occurred in the district court, the difference must be submitted to the and settled by that court and the record conformed accordingly."

2

In this case, Petitioner has not identified a problem with the "record on appeal." That is, Petitioner has not identified any problem with the record of proceedings in *this* court with respect to the appeal in his case. He does not allege, for example, that "record on appeal" did not contain all of the original papers and proceedings in this case filed with this Court. Instead, Petitioner has identified what he claims is a misstatement or misapprehension in the Order issued by the Court of Appeals concerning the history of Petitioner's § 2255 actions before the trial court. Alleged misunderstandings of the facts by the Seventh Circuit Court of Appeals is not the type of error which this Court can address or resolve by means of Rule 10(e) of the Federal Rules of Appellate Procedure. If, as Petitioner asserts, the Seventh Circuit Court of Appeals has misapprehended the facts his case, then Petitioner's remedy is to petition the Court of Appeals for panel rehearing pursuant to Rule 40(a) of the Federal Rules of Appellate Procedure, not to move this Court to correct the record on appeal. Therefore, the Petitioner's motion to correct record (Doc. 18) is **DENIED**.

### B. Motion to reopen case pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure..

In his motion to reopen case pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure (Doc. 19), Petitioner essentially claims that the Seventh Circuit Court of Appeals did not address *all* of the arguments he asserted on appeal. If, as Petitioner asserts, the Seventh Circuit Court of Appeals has overlooked an argument, then Petitioner's remedy is to petition the Court of Appeals for panel rehearing pursuant to Rule 40(a) of the Federal Rules of Appellate Procedure, not to move this Court to reopen his case. Therefore, Petitioner's motion to reopen case (Doc. 19) is

**DENIED**.  Petitioner's motionto expedite his motion to reopen his case (Doc. 20) is **DENIED** as moot.

    **IT IS SO ORDERED.**

    **DATED this 5th day of August, 2010.**

                             **s/ Michael J. Reagan**
                             **MICHAEL J. REAGAN**
                             **United States District Judge**